IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:10-CR-57 |
| v. ) | |
| ) | Hon. Raymond A. Jackson |
| JAAMAC CIIDLE, ) | |
| ) | |
| Defendant, ) | |

### DEFENDANT'S MOTION TO DISMISS COUNTS 3, 4, & 5

Defendant Jaamac Ciidle, by counsel, and pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, hereby moves this Honorable Court to dismiss Counts 3, 4, and 5, because the evidence is insufficient as a matter of law to sustain convictions under these counts.

Count 3 alleges that, on or about April 10, 2010, Mr. Ciidle "did assault with a dangerous weapon, specifically, firearms,… crew members of the USS Ashland, and did aid, abet ,… and cause … others to commit the offense." (18 U.S.C. § 113(a)(3)). Count 4 alleges that Mr. Ciidle and others "conspired to use, carry, and discharge a firearm during and in relation to a crime of violence." (18 U.S.C. §924(o)). Count 5 alleges that Mr. Ciidle "did … use, carry and discharge a firearm, during and in relation to a crime of violence …, and did aid, abet,…and cause … others to commit the offense." (18 U.S.C. §924(c)(1)(A)(iii)). These counts should be dismissed because under no set of facts that might reasonably be adduced at trial can the government prove that Mr. Ciidle committed assault, aided and abetted others to commit assault, used a firearm, conspired with others to use a firearm, or aided and abetted others in the use of a firearm.

## BACKGROUND

On or about April, 20, 2010, Mr. Ciidle was one of seven passengers on a small boat found near the USS Ashland in the Gulf of Aden. The government maintains that one or more people on the boat fired a weapon at the Ashland. The Ashland responded by firing on the small boat, destroying it and killing one of the passengers. In the wreckage, witnesses from the Ashland saw one charred firearm on the boat before it sank.

The Ashland then took Mr. Ciidle and the other five survivors captive. The defendants all denied engaging in piracy and explained they had been ferrying refugees across the gulf from Somalia to Yemen. Several of the defendants denied having knowledge of the firearm until it was used by the passenger who was subsequently killed. Neither Mr. Ciidle nor the other defendants admitted to taking any actions once they learned of the firearm's presence on the boat that, even when viewed in a light most favorable to the government, would constitute aiding or abetting the triggerman.

Multiple personnel from the USS Ashland witnessed the boat before it was destroyed. One witness "noticed the person at the most forward part of the boat had a weapon in their [sic] hand." Another witness "saw one [alleged] pirate take aim" at the ship. He "could only see one weapon." A third witness "vividly remember[s] seeing a rifle of some sort" and more generally states that when he looked towards the boat, he "saw several men with guns pointing up" at the ship. None of the witnesses could identify the passenger or passengers holding a weapon. None could distinguish one passenger from another. None described any actions taken, or agreements made, by Mr. Ciidle before,

## BACKGROUND

On or about April, 20, 2010, Mr. Ciidle was one of seven passengers on a small boat found near the USS Ashland in the Gulf of Aden. The government maintains that one or more people on the boat fired a weapon at the Ashland. The Ashland responded by firing on the small boat, destroying it and killing one of the passengers. In the wreckage, witnesses from the Ashland saw one charred firearm on the boat before it sank.

The Ashland then took Mr. Ciidle and the other five survivors captive. The defendants all denied engaging in piracy and explained they had been ferrying refugees across the gulf from Somalia to Yemen. Several of the defendants denied having knowledge of the firearm until it was used by the passenger who was subsequently killed. Neither Mr. Ciidle nor the other defendants admitted to taking any actions once they learned of the firearm's presence on the boat that, even when viewed in a light most favorable to the government, would constitute aiding or abetting the triggerman.

Multiple personnel from the USS Ashland witnessed the boat before it was destroyed. One witness "noticed the person at the most forward part of the boat had a weapon in their [sic] hand." Another witness "saw one [alleged] pirate take aim" at the ship. He "could only see one weapon." A third witness "vividly remember[s] seeing a rifle of some sort" and more generally states that when he looked towards the boat, he "saw several men with guns pointing up" at the ship. None of the witnesses could identify the passenger or passengers holding a weapon. None could distinguish one passenger from another. None described any actions taken, or agreements made, by Mr. Ciidle before,

during, or after someone fired a weapon to establish that Mr. Ciidle fired the weapon, conspired to use the weapon, or in any way aided and abetted its use. The government's best evidence is simply that Mr. Ciidle was present in the boat at the time one or more passengers fired a weapon at the Ashland.

**ARGUMENT**

Rule 12(b)(2) states that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." A defense may be raised and adjudicated in a pre-trial motion "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969); *see also, e.g.*, *United States v. Levin*, 973 F.2d 463, 469 (6th Cir. 1992) (affirming the district court's dismissal of an indictment when "undisputed extrinsic evidence" demonstrated that "the government was, as a matter of law, incapable of proving" an element of the offense).

Here, a trial would be of no assistance in determining whether Counts 3, 4, and 5 should be dismissed because the government's best evidence is insufficient as a matter of law to sustain a conviction. The government has no evidence that Mr. Ciidle used a weapon. It may convict him for crimes related to weapons use only under theories of conspiracy or aiding and abetting. Aiding and abetting requires proof that Mr. Ciidle "participated in the principal's criminal intent." *U.S. v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). This requires proof of "participation at some stage accompanied by knowledge of the result and intent to bring about that result." *Id.* Conspiracy requires proof that an illicit agreement existed, the defendant knew of the conspiracy, and the defendant knowingly and voluntarily became a part of the conspiracy. *Id.*, 94 F.3d at 857. Mere

presence in a vessel from which someone fires a weapon, standing alone, is insufficient to convict Mr. Ciidle of weapons offenses based on either theory of liability.  *See, e.g., U.S. v. Spoone*, 741 F.2d 680, 686 (4th Cir. 1984) (holding that presence at the scene of the crime is insufficient to establish criminal liability).

Other than his role as a passenger, the government can point to no other action taken by Mr. Ciidle to prove that he used a weapon; knew of a conspiracy to use a weapon; knowingly joined such a conspiracy (or that such a conspiracy existed in the first place); or shared a common assaultive intent and participated in the activity once someone else started shooting.

## CONCLUSION

For these reasons, Mr. Ciidle respectfully requests that this Court dismiss Counts 3, 4, and 5.

Respectfully submitted,

**JAAMAC CIIDLE**

By: _____/s/_____
Christian L. Connell

Christian L. Connell
Bar No. 35009
Attorney for Defendant Jaamac Ciidle
CHRISTIAN L. CONNELL, P.C.
555 East Main Street, Suite 1410
Norfolk, Virginia 23510
757.533.6500
757.533.6565 (fax)
Email: christian.connell@verizon.net

## **CERTIFICATE OF SERVICE**

I certify that on this 9th day of June, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                              /s/
                                      Christian L. Connell
                                      Bar No. 35009
                                      Attorney for Defendant Jaamac Ciidle
                                      CHRISTIAN L. CONNELL, P.C.
                                      555 East Main Street, Suite 1410
                                      Norfolk, Virginia 23510
                                      757.533.6500
                                      757.533.6565 (fax)
                                      Email: christian.connell@verizon.net